**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT LUNSFORD                                                                                    PLAINTIFF

v.                                               No. 4:10CV01095 JLH

UNION PACIFIC RAILROAD COMPANY                                                    DEFENDANT

**ORDER**

Union Pacific Railroad Company has filed a motion for an independent medical examination of Robert Lunsford pursuant to Rule 35 of the Federal Rules of Civil Procedure. Lunsford brought this action pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, alleging that he suffered cumulative trauma injuries over thirty years of employment with Union Pacific, that have resulted in premature disability to his neck, shoulders, elbows, lower back, spine, knees, and legs. Lunsford concedes that he has placed his physical condition in controversy. He does not object to an independent medical examination but he does object to Union Pacific's choice of Dr. Earl Peeples as the physician to conduct the examination. Lunsford contends that Dr. Peeples is biased in favor of corporations, insurance carriers, and defense attorneys, and that he is biased against plaintiffs.

Rule 35(a) provides that the court ordered examination must be conducted "by a suitably licensed or certified examiner." There is no doubt that Dr. Peeples is licensed to practice medicine in the State of Arkansas and has engaged in an orthopedic practice for a number of years. Lunsford has attached to his motion a printout of more than one hundred cases, including workers' compensation cases, in which Dr. Peeples's name appears. Lunsford does not contend that the testimony of Dr. Peeples has ever been excluded from any trial. He cites one opinion from the Arkansas Court of Appeals, a dissenting opinion from a commissioner of the Arkansas Workers' Compensation Commission, and two opinions from administrative law judges of the Arkansas

Workers' Compensation Commission in support of his argument that Dr. Peeples is biased in favor of corporations and insurance companies. The Arkansas Court of Appeals opinion cited by Lunsford was one in which a claimant appealed a decision of the Arkansas Workers' Compensation Commission limiting her permanent impairment rating to twenty percent to her left hand. Dr. Peeples had testified that the claimant should be assessed a twenty-five percent impairment rating, but the Commission rejected that impairment rating as overstating the claimant's degree of disability, and the court of appeals affirmed, finding that the medical opinion of Dr. Peeples in favor of the claimant was not supported by objective medical evidence. *Barron v. Creative Foods*, 2004 WL 33621, *5 (Ark. App. Jan. 7, 2004). Lunsford also cites a dissenting opinion by the Commissioner of the Arkansas Workers' Compensation Commission criticizing Dr. Peeples. *West v. Stuttgart Reg. Med. Ctr.*, 2009 WL 2005120, Claim No. F800831 (June 12, 2009). While the Commissioner dissenting in that case was critical of Dr. Peeples, the majority of the Commission in that decision relied on the opinion of Dr. Peeples in reaching its result. The two opinions by administrative law judges were opinions in which the ALJs did not find the opinions of Dr. Peeples to be persuasive. In addition to those opinions, Lunsford has attached to his motion a letter that Dr. Peeples wrote in 2004 to representatives of a number of governmental entities and corporations, including several insurance companies, stating that due to arthritis in his hands he would no longer be engaging in surgery but was interested in performing medial evaluations and providing professional testimony. Lunsford also has attached two complaints made to the Arkansas State Medical Board several years ago about Dr. Peeples's work in performing independent medical examinations. Lunsford does not contend that Dr. Peeples has been disciplined by the Arkansas State Medical Board. In addition to that information, Lunsford has attached deposition testimony

by Dr. Peeples in which he stated that he had earned approximately $135,000 in collections on independent medical examinations and other evaluations of that type in a given calendar year and an order from a judge of the Pulaski County Circuit Court granting a motion for an independent medical examination but denying, without explanation, the defendant's request for the examination to be conducted by Dr. Peeples.

While Union Pacific is entitled to a Rule 35 examination, as Lunsford concedes, the Court "retains considerable discretion to establish the manner, conditions and scope of the examination." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004). The Court is not bound by the defendant's selection of a particular physician to perform the examination. *Id*. Generally, however, courts have rejected efforts by plaintiffs to disqualify a physician based upon allegations of bias when those allegations are based on the fact that the physician generally is retained by the defense side of a lawsuit. *McKitis v. Defazio*, 187 F.R.D. 225, 227-28 (D. Md. 1999); *Duoponce v. Drake*, 183 F.R.D. 565, 566 (D. Colo. 1998); *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26 (D. Conn. 1994); *Great W. Life Assur. Co. v. Levithan*, 153 F.R.D. 74, 77 (E.D. Pa. 1994); *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993); *Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992). In all of these cases, the courts held that issues regarding bias and interest can be explored in cross examination at trial but are not grounds for precluding the defendant's choice of physician for an independent medical examination. As the Court in *Looney* noted, "Defendants have no say in determining what physician plaintiff chooses as his or her expert witness. It follows that plaintiff's ability to object to an expert physician chosen by the defendant should be rather limited with any questions of bias or prejudice of either side's chosen expert being left to full exploration at trial." 142 F.R.D. at 265 (citation omitted).

Union Pacific's motion for an independent medical examination is therefore GRANTED. Document #9.  Lunsford's objection to permitting Dr. Peeples to conduct the examination is overruled.

IT IS SO ORDERED this 28th day of June, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE